IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LEE HACKLER and PATRICIA HACKLER                                      PLAINTIFFS

v.                          Case No. 2:17-CV-2124

CITY OF DYER, ARKANSAS and
LONNIE ROBINS AND VERONICA ROBINS,
individually and in their capacity as official
agents of the City of Dyer, Arkansas                                   DEFENDANTS

**OPINION AND ORDER**

Before the Court are Plaintiffs' motion for partial summary judgment (Doc. 14), statement of facts in support of their motion (Doc. 15), and brief in support of their motion (Doc. 16). Defendants filed a response in opposition (Doc. 23), a response to Plaintiffs' statement of facts (Doc. 24), and a brief in support of their response (Doc. 25).

Also before the Court are Defendants' motion for summary judgment (Doc. 17), statement of facts in support of their motion (Doc. 18), and brief in support of their motion (Doc. 19). Plaintiffs filed a response in opposition (Doc. 20), a response to Defendant' statement of facts (Doc. 21), and a brief in support of their response (Doc. 22). Defendants filed a reply (Doc. 26) and a brief in support of their reply (Doc. 27).

For the reasons stated herein, the Court will grant Defendants' motion for summary judgment (Doc. 17) and deny Plaintiffs' motion for partial summary judgment. (Doc. 14).

**I.    Background**

This case arises from a dispute "about sewer charges over a period of time of nearly 18 years for two sets of properties owned by [Plaintiffs]" (Doc. 19, p. 10).[1] While the factual and

---
[1] Plaintiffs agree with this characterization of the case (Doc. 22, p. 4).

1

procedural history of this case is complex, the issues before the Court on summary judgment are narrow.

## II. Legal Standard for Summary Judgment

When a party moves for summary judgment, it must establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602, 606 (8th Cir. 1999). In order for there to be a genuine issue of material fact, the nonmoving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66–67 (8th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Only facts "that might affect the outcome of the suit under the governing law" need be considered. *Anderson*, 477 U.S. at 248. "[T]he non-movant must make a sufficient showing on every essential element of its claim on which it bears the burden of proof." *P.H. v. Sch. Dist. of Kan. City, Mo.*, 265 F.3d 653, 658 (8th Cir. 2001). Facts asserted by the nonmoving party "must be properly supported by the record," in which case those "facts and the inferences to be drawn from them [are viewed] in the light most favorable to the nonmoving party." *Id*. at 656–57.

## III. Analysis

Counts three, six, seven, eight, and nine of the complaint allege claims under federal law. The remaining counts allege claims under state law. The Court will address each of the federal claims in turn.

In count three, Plaintiffs allege that Defendants made a "misrepresentation to a federal agency." (Doc. 1, p. 11). There is no cause of action for "misrepresentation to a federal agency"

2

under federal law. In their response brief (Doc. 22), Plaintiffs appear to assert that they are bringing this claim under the False Claims Act, 31 U.S.C.A. § 3729. However, Plaintiffs have not complied with the procedural requirements to bring a private action under the False Claims Act, including bringing the action in the name of the Government and filing the complaint *in camera*. 31 U.S.C. § 3730. Accordingly, Plaintiffs' claim raised in count three will be dismissed.

In count six, Plaintiffs allege that Defendants have deprived them of their civil rights in violation of 42 U.S.C. § 1982. In count eight, Plaintiffs allege that Defendants Lonnie Robins and Veronica Robins[2] conspired to deprive them of their civil rights in violation of 42 U.S.C. § 1985. To successfully bring a claim under § 1982, Plaintiffs must show that they were discriminated against on the basis of race. *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 413 (1968) (§ 1982 "deals only with racial discrimination"). To successfully bring a claim under § 1985, Plaintiffs must demonstrate that there is "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). "The term class-based animus does not include personal animus." *Shortbull v. Looking Elk*, 677 F.2d 645, 649 (8th Cir. 1982). Plaintiffs have not offered any facts demonstrating that they were discriminated against on the basis of race or that there was discriminatory animus behind Lonnie Robins and Veronica Robins' actions. Plaintiffs have simply alleged that Lonnie Robins and Veronica Robins sought to retaliate against them for evicting the couple from one of their rental properties in 1994. Assuming that this allegation is true, it demonstrates personal animus, not racial or class-based discrimination. Accordingly, Plaintiffs' claims under counts six and eight will be dismissed.

---

[2] Lonnie Robins and Veronica Robins are both employed by the City of Dyer.

3

In count seven, Plaintiffs bring an action under 42 U.S.C. § 1983 for a violation of their right to equal protection. Specifically, Plaintiffs allege that "[b]y reason of [Defendants'] targeted use of state power to demand payment from [Plaintiffs] for a service not provided, [Plaintiffs] have become a protected class of one." (Doc. 1, p. 14). The threshold inquiry in a class-of-one equal protection claim is whether Plaintiffs' are similarly situated to others who allegedly received preferential treatment. *Robbins v. Becker*, 794 F.3d 988, 996 (8th Cir. 2015). Plaintiffs do not offer any facts demonstrating that any similarly situated individuals received preferential treatment.[3] Both parties agree that Plaintiff Lee Hackler testified that "it is only his opinion that he was targeted, but that 'I can show you no facts.'" (Doc. 18, ¶ 65; Doc. 21 ¶ 65). Accordingly, Plaintiffs cannot meet the threshold requirement for a class-of-one equal protection claim and their claim under count seven will be dismissed.

In count nine, Plaintiffs bring a due process claim under the 14th Amendment. Specifically, Plaintiffs allege that Defendants have "pursued a course of action to deprive [Plaintiffs] of livelihood without giving them an opportunity for a fair hearing." (Doc. 1, p. 16). "Under federal law, a litigant asserting a deprivation of procedural due process must exhaust state remedies." *Hopkins v. City of Bloomington*, 774 F.3d 490, 492 (8th Cir. 2014). Plaintiffs allege in count nine that the Dyer City Court issued an order in 2006 finding that Plaintiffs must stop being charged for sewer service they are not receiving. However, Plaintiffs do not indicate that

---

[3] Plaintiffs do allege in their complaint that "upon information and belief, the City instead installed the sewer lift station upon a different property, owned by a person believed to be a friend of the previous Mayor." (Doc. 1, p. 8). However, Plaintiffs offer no facts in support of this conclusory allegation. *Cf. Register v. Honeywell Federal Manufacturing & Technologies, LLC*, 397 F.3d 1130, 1136 (8th Cir. 2005) ("The nonmoving party must do more than rely on allegations or denials in the pleadings, and the court should grant summary judgment if any essential element of the prima facie case is not supported by specific facts sufficient to raise a genuine issue for trial.").

they have made any efforts to enforce this order in state court before bringing a due process claim in federal court. Accordingly, Plaintiff's claim under Count 9 is not ripe for adjudication and will be dismissed without prejudice. *See Crooks v. Lynch*, 557 F.3d 846, 849-49 (8th Cir. 2009) (holding that because property owner failed to exhaust his state remedies, the court lacked jurisdiction over the case, and dismissal should be without prejudice); *See also Wax 'N Works v. City of St. Paul*, 213 F.3d 1016, 1019 (8th Cir. 2000) (holding that because property owner failed to exhaust his state remedies, his procedural due process claim against city under § 1983 was not ripe for adjudication).

Because the Court is dismissing the claims over which it has original jurisdiction, the claims over which the Court has supplemental jurisdiction will be dismissed without prejudice. 28 U.S.C. § 1367(c)(3); *Keating v. Neb. Pub. Power Dist.*, 660 F.3d 1014, 1018–19 (8th Cir. 2011).

## IV.   Conclusion

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment (Doc. 17) is GRANTED and Plaintiffs' motion for partial summary judgment (Doc. 14) is DENIED. Plaintiffs' claims raised in counts three, six, seven, and eight of the complaint are DISMISSED WITH PREJUDICE. Plaintiff's procedural due process claim raised in count nine and state law claims are DISMISSED WITHOUT PREJUDICE. Judgment will be entered accordingly.

IT IS SO ORDERED this 23rd day of May, 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE